IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02821-BNB

JEREMY PINSON, and
MIKEAL STINE,

    Applicants,

v.

DAVID BERKABILE,

    Respondent.

ORDER

    Applicants, Jeremy Pinson and Mikeal Stine, are prisoners in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary in Florence. Colorado.  Applicants, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that challenges the validity of each of their convictions and sentences in the United States District Court for the Southern District of Texas (Southern District of Texas). Specifically, Applicants are challenging the Special Administrative Measures (SAM) that the BOP has placed against them allegedly pursuant to their individual criminal judgments, which Applicants claim restrict their communications.

    Although Rule 20 of the Federal Rules of Civil Procedure authorizes the joinder of parties and claims that present a common question of law or fact, Fed. R. Civ. P. 21 allows the Court on its own, at any time, and on just terms to drop a party.

    Rule 20(a) applies and provides as follows:

(1) Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Even though Applicants are challenging what appear to be similar communications restrictions, the similarities stop there.  The restrictions are based on separate criminal judgments in the Southern District of Texas.  Applicants' claims do not arise out of the same transaction or occurrence, nor can it be said that there is a common question of law or fact under these circumstances relating to their individual criminal judgments.  Therefore, the Court will direct the Clerk of the Court to remove Mr. Stine from this action and to open a new case, naming Mr. Stine as the applicant, so that the Court may address the merits of Mr. Stine's § 2241 claims separately. Accordingly, it is

ORDERED that the Clerk of the Court is directed to remove Mr. Stine from this action.  It is

FURTHER ORDERED that the Clerk of the Court is directed to open a separate action pursuant to 28 U.S.C. § 2241 in which Mr. Stine is the named applicant and place the action on the *pro se* docket for further initial review.  It is

FURTHER ORDERED that the Clerk of the Court shall enter in the new, separate action copies of ECF Nos. 1 and 4 from this case.  It is

FURTHER ORDERED that ECF No. 4 is denied as moot in this action.

DATED November 1, 2013, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court