IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02821-BNB

JEREMY PINSON,

    Applicant,

v.

DAVID BERKEBILE,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Jeremy Pinson, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary in Florence. Colorado. Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 that challenges the validity of his conviction and sentence in the United States District Court for the Southern District of Texas (Southern District of Texas). Specifically, Applicant is challenging the Special Administrative Measures (SAM) that the BOP has imposed against him allegedly pursuant to his criminal judgment. Applicant asserts that the SAM restricts all of his legal and social communications via mail or telephone except his mail to the United States courts, but even some court mail is rejected.

    The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's

advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Although Applicant fails to identify the criminal case he is challenging in the Southern District of Texas, records indicate that Applicant pled guilty in *United States v. Pinson*, No. 08-cr-00283-1 (S.D. Tex. Dec. 8, 2008), to one count of mailing threatening communications. The Court has reviewed the judgment and disposition in this criminal case and finds no reference to a restriction of communications as part of the sentence in the case. Even if restricted communications were part of the sentence in Case No. 08-cr-00283-1, this Court lacks jurisdiction over Applicant's claims. Any challenge to a federal prisoner's sentence must be asserted in the sentencing court. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Furthermore, "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Applicant is challenging BOP's restrictions of his communications, which is a condition of confinement claim. Applicant's claims, therefore, are not cognizable in a federal habeas corpus action and are construed as a prisoner complaint filed pursuant to 28 U.S.C. § 1331.[1]

---

[1] A claim for injunctive relief in prisoner complaints filed against federal employees may be asserted under 28 U.S.C. § 1331, but not necessarily under *Bivens*. *See Ricco v.*

2

Applicant is subject to filing restrictions under *28 U.S.C.* § 1915(g).  By asserting the conditions of confinement claims in this action, Applicant is attempting to circumvent his filing restrictions.  The Court, therefore, will dismiss this action.  If Applicant initiates any subsequent § 2241 actions in this Court that challenge the conditions of his confinement and are attempts to circumvent his filing restrictions the Court will consider additional sanctions against him.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

 ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DENIED, and this case is DISMISSED.  It is

FURTHER ORDERED that all pending motions are denied as moot.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  5th  day of   November        , 2013.

                          BY THE COURT:

                           s/Lewis T. Babcock
                          LEWIS T. BABCOCK, Senior Judge
                          United States District Court

---

*Conner*, 146 F. App'x 249, 254 (10th Cir. Aug. 8, 2005) (unpublished) (citing *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1235-36 (10th Cir. 2005).